```
DANIEL J. BRODERICK, Bar #89424
Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
STEVEN J. NEMEC
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STEVEN J. NEMEC,<br><br>　　　　　Defendant.<br>_____ | )　No. CR S-03-292-DFL<br>)　No. CR S-04-161-DFL<br>)<br>)　JOINT STIPULATION RE DEFENDANT'S<br>)　ADMISSION OF VIOLATION OF<br>)　SUPERVISED RELEASE; WAIVER OF<br>)　RULE 32.1 RIGHTS; REQUEST FOR<br>)　IMMEDIATE SENTENCING; WAIVER OF<br>)　APPEARANCE PURSUANT TO FED. R.<br>)　CRIM. PROC. 43(c)(1)(B); PROPOSED<br>)　ORDER |

　　　Pursuant to the simultaneously-filed Defendant's Admission of Violation of Supervised Release; Waiver of Rule 32.1 Rights; Request for Immediate Sentencing; and Waiver of Appearance, the parties, through their respective attorneys, hereby agree and stipulate that this Court may accept defendant Steven Nemec's admission to charge one of the supervised release violation filed on July 14, 2005, as well as defendant's waiver of appearance in relation to that admission.

　　　The parties further stipulate that Mr. Nemec may be sentenced by this Court without his appearance and without the need for a court hearing.  Both Mr. Nemec and U.S. Probation Officer Teresa Hoffman have been fully consulted, agree that there is no need for a dispositional

memorandum in this case, and agree with the parties that the following sentence is appropriate under both the advisory Sentencing Guidelines and 18 U.S.C. §3583(e)(3):

    1.   Mr. Nemec's admission of count one shall be accepted and the remaining count dismissed;

    2.   Mr. Nemec's concurrent 3 year terms of supervised release are hereby revoked;

    3.   Mr. Nemec shall be sentenced to 15 months in the custody of the Attorney General, with this term to be served consecutively to any state sentence he is currently serving;

    4.   Upon release from federal custody, Mr. Nemec shall serve concurrent 21 month terms of supervised release;

    5.   Mr. Nemec shall abide by the special conditions of supervision and the standard conditions of supervision attached to the proposed order; and

    6.   The Court shall recommend service of the custodial part of this sentence at a facility in Lompoc, California, or if that institution is not available, at a facility in Northern California.

    A proposed order to this effect is attached.

Dated: June 13, 2006                      Respectfully submitted,

                                             /s/ Daniel J. Broderick
                                             _____
                                             DANIEL J. BRODERICK
                                             Federal Defender
                                             Attorney for Defendant
                                             STEVEN J. NEMEC

Dated: June 13, 2006                      MCGREGOR W. SCOTT
                                             United States Attorney

                                             /s/ Daniel J. Broderick for
                                             _____
                                             KYMBERLY SMITH
                                             Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR S-03-292-DFL; |
| ) | No. CR S-04-161-DFL |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| STEVEN J. NEMEC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Pursuant to the Joint Stipulation and the Defendant's Admission of Violation of Supervised Release; Waiver of Rule 32.1 Rights; Request for Immediate Sentencing; and Waiver of Appearance Pursuant to F.R.Crim.P. 43(c)(1)(B), the Court hereby finds as follows:

1. Mr. Nemec has knowingly, voluntarily, and intelligently admitted to charge one of the supervised release violation petition in this case, filed on July 14, 2005, alleging a new law violation: violation of California Penal Code §472 (forgery of a public seal);

2. Mr. Nemec has knowingly, voluntarily, and intelligently waived his rights under F.R.Crim.P. 32.1 with respect to this supervised release violation;

3. Mr. Nemec's concurrent 3 year terms of supervised release are hereby revoked;

4. Mr. Nemec is aware of the maximum possible statutory term of imprisonment upon revocation and the range of imprisonment under Chapter 7 of the advisory Sentencing Guidelines.  He is also aware of the recommended sentence of the U.S. Probation Office and has no objection to this recommendation.

5. Mr. Nemec has knowingly, voluntarily, and intelligently waived

his right, pursuant to F.R.Crim.P. 43(c)(1)(B) to be present at all hearings in connection with this supervised release violation, including sentencing; and

    6.  The sentence recommended by the parties and the probation office is an appropriate resolution of this case and satisfies the dictates of 18 U.S.C. §3553, as well as the advisory Sentencing Guidelines.

    In light of these findings, the Court HEREBY ORDERS as follows:

    1.  Defendant Steven Nemec's admission to charge one of the supervised release violation is hereby accepted.  The remaining count of alleged violation is hereby dismissed;

    2.  Defendant Nemec's two concurrent 3 year terms of supervised release are revoked;

    3.  Defendant Nemec is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for concurrent terms of fifteen (15) months, with these custodial terms to be served consecutively to any state sentence he is currently serving;

    4.  The Court recommends that Defendant Nemec be permitted to serve his federal custodial sentence at a Bureau of Prison facility in Lompoc, California, or if this institution is not available, at a facility in Northern California, if this recommendation meets with the sentencing and security classifications of the Bureau of Prisons;

    5.  Upon release from imprisonment, defendant Nemec shall serve concurrent 21 month terms of supervised release.  The defendant must report to the probation office in the district to which he is released within 72 hours of release from the custody of the Bureau of Prisons;

    6.  Defendant Nemec shall abide by the following special conditions of his release:

1        A.   He shall submit to the search of his person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

         B.   He shall provide the probation officer with access to any requested financial information.

         C.   As directed by the probation officer, the defendant shall participate in a program of mental health treatment (inpatient or outpatient.)

         D.   As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

         E.   The defendant shall not wear or possess any uniform or clothing, or engage in any activities that may be construed as law enforcement, medical technician, military, or security.

         F.   The defendant shall not possess law enforcement related paraphernalia, including but not limited to police scanners, badges, business cards, identification, or equipment which would give the impression of law enforcement involvement/association.

         G.   The defendant shall not knowingly associate with others in possession of weapons without the prior approval of the probation officer.

         H.  The defendant shall not associate with persons who are in the business of serving warrants or are professional bounty hunters.

3

1         I.   The defendant shall not attend any law enforcement
2    related training.
3         J.   The defendant shall not be present in any court
4    proceeding involving law enforcement to which he is not a party or a
5    subpoenaed witness.
6       7.  The defendant must comply with the standard conditions of
7    supervision that have been adopted by this court:
8         A.   The defendant shall not leave the judicial district
9    without permission of the Court or probation officer.
10        B.   The defendant shall report to the probation officer and
11   shall submit a truthful and complete written report within the first
12   five days of each month.
13        C.   The defendant shall answer truthfully all inquiries by
14   the probation officer and follow instructions of the probation officer.
15        D.   The defendant shall support his or her dependents and
16   meet other family responsibilities.
17        E.   The defendant shall work regularly at a lawful occupation
18   unless excused by the probation officer for schooling, training or
19   other acceptable reasons.
20        F.   The defendant shall notify the probation officer ten days
21   prior to any change in residence or employment.
22        G.   The defendant shall refrain from excessive use of
23   alcohol.
24        H.   The defendant shall not frequent places where controlled
25   substances are illegally sold, used, distributed, or administered.
26        I.   The defendant shall not associate with any persons
27   engaged in criminal activity, and shall not associate with any person
28   convicted of a felony unless granted permission to do so by the

1 probation officer.

2   J. The defendant shall permit a probation officer to visit
3 him at any time at home or elsewhere and shall permit confiscation of
4 any contraband observed in plain view by the probation officer.

5   K. The defendant shall notify the probation officer within
6 seventy-two hours of being arrested or questioned by a law enforcement
7 officer.

8   L. The defendant shall not enter into any agreement to act
9 as an informer or a special agent of a law enforcement agency without
10 the permission of the Court and

11   M. As directed by the probation officer, the defendant shall
12 notify third parties of risks that may be occasioned by the defendant's
13 criminal record or personal history or characteristics, and shall
14 permit the probation officer to make such notifications and to confirm
15 the defendant's compliance with such notification requirement.
16 Dated: August 1, 2006

         _____
         DAVID F. LEVI
         United States District Judge

5